UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINH NGUY, | No. 2:14-cv-229-MCE-EFB PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| COUNTY OF YOLO; SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF YOLO; DANIEL P. McGUIRE; JEFF STONE; MARVIN C. MARX; JOHN C. ORCUTT; WENDY A. TAYLOR; WILLIAM MARDER, | |
| Defendants. | |

On February 14, 2014, defendants Daniel McGuire and John Orcutt filed motions to dismiss the complaint for failure to state a claim.[1] ECF Nos. 5, 6. Defendants noticed the hearing on their motions for March 26, 2014. ECF Nos. 5, 6, 11.

Court records reflect that plaintiff has not filed an opposition or statement of non-opposition to the motions to dismiss. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

instance, by March 12, 2014.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motions to dismiss (ECF Nos. 5, 6), is continued to April 30, 2014.

2. Plaintiff shall show cause, in writing, no later than April 16, 2014, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiff shall file an opposition to the motions, or a statement of non-opposition thereto, no later than April 16, 2014.

4. Failure of plaintiff to file an opposition to the motions will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

5. Defendants McGuire and Orcutt may file a reply to plaintiff's opposition, if any, on or before April 23, 2014.

DATED:  March 20, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE