UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINH NGUY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF YOLO; SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF YOLO; DANIEL P. McGUIRE; JEFF STONE; MARVIN C. MARX; JOHN C. ORCUTT; WENDY A TAYLOR; WILLIAM MARDER,<br><br>　　　　Defendants. | No.  2:14-cv-229-MCE-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　This matter was before the court on June 11, 2014, for hearing on defendants Maguire, Orcutt, and Taylor's motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 5, 6, 17), and plaintiff's motions to strike defendants Maguire and Orcutt's motions to dismiss and plaintiff's motion for appointment of an interpreter (ECF Nos. 20, 21).  Attorney Cameron Cobden appeared on behalf of defendant Maguire (erroneously sued as "McGuire") and attorney Jason Sommer appeared on behalf of defendants Orcutt and Taylor; plaintiff failed to appear.  For the reasons stated below, plaintiff's motions are denied, and it is recommended that defendants' motions to dismiss be granted.[1]

---

[1] The other defendants named in the complaint, County of Yolo, Yolo County Superior Court, Jeff Stone, Marvin Marx, and William Marder, have not appeared, and the docket does not

I.    Procedural History

Plaintiff initiated this action on January 24, 2014. ECF No. 1. The complaint purports to assert various federal and state law claims against defendants based on conduct related to two civil actions that were filed in the Superior Court of California, County of Yolo. The first state court civil case, CV09-3280 apparently resolved in a manner unsatisfactory to Nguy. He then filed an action in the same court purporting to sue three of the attorneys involved in the earlier action. That case, CV12-1979 was assigned to Superior Court Judge Maguire, who is a defendant and moving party in this federal action.[2] Plaintiff later filed the instant case before this court naming Judge Maguire and several attorneys involved in the state court litigation as defendants.

On February 14, 2014, defendant Maguire and defendant Orcutt moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and noticed their motions for hearing on March 26, 2014. ECF Nos. 5, 6, 11.[3] In violation of this court's Local Rule 230, plaintiff failed to timely file either an opposition or statement of non-opposition to these motions. Therefore, he was order to show cause why sanctions should not be imposed and the hearing on the motions to dismiss was continued to April 30, 2014. ECF No. 16. On April 7, 2014, defendant Taylor filed a motion to dismiss, which was noticed for hearing on May 14, 2014. The court therefore continued the hearing on Maguire and Orcutt's motions to May 14, 2014, so all three motions could be addressed together. ECF No. 25.

On April 16, 2014, plaintiff filed a response to the order to show cause. ECF No. 19. He also filed an opposition and a motion to strike defendant Orcutt's motion to dismiss, ECF No. 20, and an opposition and motion to strike Maguire's motion to dismiss, ECF No. 21. Plaintiff, however, failed to file an opposition to defendant Taylor's motion to dismiss. Therefore, on May

---

reflect that they have been served. Accordingly, as discussed below, plaintiff will be ordered to show cause why these defendants should not be dismissed.

[2] The court takes judicial notice of the proceedings involving plaintiff's state court case. Fed. R. Evid. 201; *Cactus Corner, LLC v. U.S. Dept. of Agric.*, 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004).

[3] Judge Maguire originally noticed his motion for hearing before the assigned district judge, but subsequently renoticed it before undersigned. *See* ECF Nos. 10, 11.

2

9, 2014, the court continued the hearing on the pending motions to June 11, 2014, and again ordered plaintiff to show cause why sanctions should not be imposed for his violation of Local Rule 230, this time with regard to Taylor's motion.  Plaintiff's response provided no explanation for his failure to timely oppose defendants' motion.  However, in light of the recommended disposition of these motions, the March 20 and May 9 orders to show cause are discharged.  Plaintiff is admonished however, that future violations of the federal or local rules, or court orders may result in either monetary or terminating sanctions.

On May 29, 2014, plaintiff filed a response to the May 9, 2014 order to show cause, in which plaintiff appears to present arguments in opposition to all three motions to dismiss, ECF No. 36, which the court has considered.  Also on May 29, 2014, plaintiff filed a motion requesting that the court order the Clerk to enter default against all defendants for failure to file an answer to his complaint.  ECF No. 37.

II.     Factual Allegations[4]

The complaint alleges that plaintiff is the owner of United Bakery, a business located in West Sacramento.  ECF No. 1 ¶ 2.09.  Plaintiff claims that he suffered some undisclosed harm at the hands of Bessamarie Sales, LLC ("Bessamarie"), an Arizona LLC, *id*. ¶ 3.04, and that he therefore filed suit against Bessamarie in the Yolo County Superior Court.  *Id*. ¶ 3.05.  Plaintiff retained defendant Stone to represent him in that action.  *Id*. ¶ 3.06.  However, plaintiff claims that Stone failed to properly represent him and "got in the habit of billing Plaintiff for no cognizable movement in the case."  *Id*.  On January 11, 2011, plaintiff sent a letter to Stone to inquire about the status of his case.  *Id*. ¶ 3.07.  Plaintiff claims that Stone responded by abandoning plaintiff's case.  *Id*.  Stone then allegedly contacted Bessamarie's attorney "and conspired with him in which to assert the law that Plaintiff Dinh Nguy company United Bakery must proceed in court WITH AN ATTORNEY."  *Id*.  What plaintiff actually means by that statement is not clear, but the gist of his claim appears to be some sort of allegation of malpractice.

---

[4] With the exception of the limited factual allegations provided in this section, plaintiff's 47-page complaint consists mostly of legal conclusions.

3

Plaintiff subsequently retained defendant Marvin C. Marx to represent him. *Id.* ¶ 3.08. According to plaintiff, Marx also billed him "without doing any cognizable work to prevail or move upon the case." *Id.* Six months after he was retained, Marx informed plaintiff that he could no longer represent him. *Id.* Plaintiff then retained defendant Orcutt. *Id.* ¶ 3.09. Plaintiff alleges that during the course of representing him, Orcutt "went into a secret ex parte proceeding with the judge." *Id.* After this meeting, Orcutt stated to plaintiff, "That even if you win, you're not going to get any money." *Id.*

As a result, plaintiff filed suit against defendants Stone, Marx, and Orcutt in the Yolo County Superior Court. *Id.* ¶ 3.10; Def. Orcutt's Req. for Judicial Notice, ECF No. 8-1 at 52.[5] In that case, plaintiff purported to assert claims he styled as: (1) legal malpractice; (2) breach of fiduciary duty; (3) breach of contract, breach of duty; (4) misconduct, obstruction of justice, abuse of process; (5) illegal abandonment of case, vindictive refusal to obey California Rules of Professional Conduct Rule 3-700; (6) unjust enrichment [extortion]; (7) fraud by way of inducement; (8) negligence; (9) professional negligence; (10) RICO count. ECF No. 1 ¶ 2.23.

Plaintiff now claims that the Yolo County Superior Court and Judge Maguire obstructed and frustrated plaintiff's case, and "engaged in abuse of process" in plaintiff's action against Stone, Marx, and Orcutt. *Id.* ¶ 3.11. Plaintiff claims he timely filed a notice of default, but Judge Maguire allegedly ignored it. Plaintiff further alleges that Judge Maguire's rulings "were always against . . . Plaintiff, and always for the Defendants, even though each ruling was ILLEGAL and against the normal forms of trial as well as being inimical to the concise rule of law." *Id.* ¶ 3.12. Plaintiff also alleges that Judge Maguire ignored his filings and refused to punish defendants' wrongful conduct. *Id.* ¶ 3.13. The recurrent theme throughout plaintiff's allegations involving Judge Maguire is that plaintiff was repeatedly unhappy with the rulings he was receiving.

As to the other defendants, plaintiff essentially alleges that all defendants conspired together to deprive him of his right to access the courts, obtain a trial by jury, and receive redress of grievances for injuries caused by defendants. *Id.* ¶ 2.21. Based on this conduct, plaintiff

---

[5] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

claims he had no choice but to remove this action to this court.[6]  *Id*. ¶ 3.14.  The complaint filed in this court purports to allege eight causes of action: (1) arranging a fixed unjust contest in court, (2) failure to give plaintiff lawful redress of grievances, (3) denial of plaintiff's rights to due process, (4) fraud, (5) denial of access to the courts, (6) obstruction of justice and abuse of process, (7) negligence, and (8) conspiracy.  Within his conspiracy claim, plaintiff also alleges that he "[a]s . . . a naturalized Vietnam Citizen, . . . also claims DISCRIMINATION against all Defendants."  *Id*. ¶ 4.50.

Defendants Maguire, Orcutt, and Taylor have moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim.  ECF Nos. 5, 6, 17.  In response, plaintiff moved to strike Judge Maguire and Orcutt's motions to dismiss.  ECF Nos. 20, 21.

III.   <u>Plaintiff's Motions to Strike Judge Maguire and Orcutt's Motions to Dismiss and Plaintiff's Motion to Appoint an Interpreter</u>

Contained within plaintiff's opposition to Marguire and Orcutt's motions to dismiss is a requests to strike those motions.  ECF Nos. 20, 21.  Plaintiff's oppositions and requests to strike are nearly incomprehensible.  As far as the court can discern, plaintiff's only basis for moving to strike is his apparent belief that a motion to dismiss is not an appropriate responsive pleading.  Plaintiff appears to believe that these defendants are only permitted to file an answer to his complaint and not a motion to dismiss.  ECF No. 20 at 3-4; ECF No. 21 at 3-4.  Plaintiff is mistaken.  Motions pursuant to Rule 12(b)(6) are appropriate responsive pleadings and are clearly permitted under the Federal Rule of Civil Procedure ("Fed. R. Civ. P.").  *See* Fed. R. Civ. P. 12(b)(6).  Accordingly, plaintiff's motions to strike are denied.

Plaintiff also filed a motion requesting that the court appoint him an interpreter for the hearing on defendants' motions to dismiss.  ECF No. 27.  Defendant Orcutt filed objections to plaintiff's request for an interpreter, ECF No. 29, and plaintiff subsequently moved to strike those objections.  ECF No. 33.  Plaintiff, however, did not appear at the June 11, 2014, and therefore

/////

---

[6] Contrary to plaintiff's contention, this action was not removed from state court.

1  plaintiff's motion for appointment of an interpreter and motion to strike Orcutt's objections are
2  denied as moot.

IV.     Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235- 236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of

1  a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v.*
2  *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d
3  266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions
4  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the
5  facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither
6  need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining*
7  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
8  V.     Judge Maguire's Motion to Dismiss
9        Maguire moves to dismiss the claims asserted against him, arguing that plaintiff has failed
10 to allege sufficient facts to state a claim for relief, that plaintiff's claims against Judge Maguire
11 are barred by absolute immunity, and that plaintiff failed to comply with the Government Claims
12 Act.  ECF No. 5-1 at 2, 9-10.
13        Plaintiff's federal complaint is confusing and difficult to follow.  It contains few factual
14 allegations concerning Judge Maguire.  It makes reference to 42 U.S.C. § 1983, and liberally
15 construed, appears to allege that Judge Maguire's handling of plaintiff's state court case somehow
16 deprived plaintiff of his federally protected rights.  However, there are so few actual facts alleged
17 that it is difficult to discern precisely what facts form the basis for the claim.[7]  Aside from
18 plaintiff's unsupported conclusions that all defendants arranged a fixed contest and denied him
19 access to the court, plaintiff's only factual allegations against Judge Maguire are that he ignored
20 plaintiff's notice of default and always ruled against him and in favor of defendants. ECF No. 1
21 ¶¶ 3.12, 3.13.  Such claims are plainly barred by absolute judicial immunity.  *Pierson v. Ray*, 386
22 U.S. 547, 553–44 (1967) (observing that "[f]ew doctrines were more solidly established at
23 common law than the immunity of judges from liability for damages for acts committed within
24 their judicial jurisdiction."); *Mireles v. Waco*, 502 U.S. 9, 9, 12–13 (1991) (holding that a judge

---

[7] Neither does the complaint contain allegations sufficient to state a claim against Maguire under sections 1985 and 1986, or 18 U.S.C. § 1961 – 1965 (i.e. RICO).  Furthermore, the one manner in which the complaint is clear is that plaintiff names Judge Maguire in this action due to the adverse rulings he issued in the state court litigation—conduct for which he is clearly immune.

who authorized the police to use excessive force to bring an attorney to his courtroom was, while acting improperly, within the scope of judicial immunity because it related to the judge's attempts to carry out a judicial function). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor [or judge] whose malicious or dishonest action deprives him of liberty.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id*. (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Furthermore, federal immunity extends to suits for damages arising under 42 U.S.C. § 1983. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443, *overruled on other grounds by Bull v. City and County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (noting that "[s]tates or governmental entities that are considered 'arms of the state' . . . are not persons within the meaning of § 1983."); *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (state officers are not persons within the meaning of § 1983); Cal. Gov't Code §§ 811.9(a) *et seq*. (judicial officers are state officers). Plaintiff has failed to allege that Judge Maguire took any action outside the scope of his judicial capacity or lacked jurisdiction over his state court case, and plaintiff's section 1983 claims against Judge Maguire are barred.

Moreover, Judge Maguire is immune from suit under California law as to the state law supplemental claims. *See Soliz v. Williams*, 74 Cal.App.4th 577, 587, 88 Cal.Rptr.2d 184 (Cal.Ct.App.1999) (finding a judge was immune, under state law, from any action arising out of his hallway comments to a litigant because those comments were part of an effort to resolve the case); *Wilhite v. City of Bakersfield*, 2012 WL 273088 (E.D. Cal. Jan. 30, 2012) (noting that "even if the state law claims presentation requirements could be met, the Judicial Defendants are entitled to state law immunities.").

As plaintiff's federal claims and supplemental state law claims against Judge Maguire are barred by absolute immunity, those must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc) (Unless it is clear that no amendment

/////

can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal).

VI.     Defendants Orcutt and Taylor's Motions to Dismiss

Defendants Orcutt and Taylor both move to dismiss plaintiff's complaint, arguing that plaintiff's complaint should be dismissed for failure to allege sufficient facts to support a claim for relief.

As noted *supra*, it is difficult to discern precisely what claims plaintiff is attempting to allege against each defendant. As discussed above, plaintiff specifically identifies eight purported causes of action: (1) arranging a fixed unjust contest in court, (2) failure to give plaintiff lawful redress of grievances, (3) denial of plaintiff's rights to due process, (4) fraud, (5) denial of access to the courts, (6) obstruction of justice and abuse of process, (7) negligence, and (8) conspiracy. The majority of these purported causes of action appear to be some sort of claim for denial of due process in regards to his state court proceeding. *See* ECF No. 1 at 20-47. In addition to these eight causes of action, plaintiff's caption page indicates that he is asserting claims under 42 U.S.C. §§ 1983, 1985, 1986, 18 U.S.C. §§ 1961-1965 (RICO), and the Declaratory Judgment Act, 28 U.S.C. § 2201. As explained below, plaintiff has failed to allege any federal claims for relief.

      A.    Federal Claims

           1.    42 U.S.C. § 1983

To the extent plaintiff asserts claims under 42 U.S.C. § 1983 against defendants Orcutt and Taylor, the claims fail because plaintiff has not and cannot allege that Orcutt and Taylor are state actors. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48, (1988). Here, plaintiff alleges that all defendants "acted under COLOR OF LAW, and under COLOR OF AUTHORITY, and under COLOR OF JUSTICE." ECF No. 1 ¶ 2.20. However, plaintiff's contention that defendants are state actors is premised on their having served as attorneys licensed to practice in California. *See id.* ¶¶ 2.13-2.17, 4.10. The fact that these defendants are licensed by the State Bar does not render them state actors for purposes of section 1983. Quite simply, attorneys in private practice are not

state actors for purposes of section 1983. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

"A person may become a state actor by conspiring with a state official, or by engaging in joint activity with state officials." *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991). However, plaintiff's conclusory allegations that defendants conspired to obstruct justice and abuse the process are insufficient to show that these defendants were state actors. *See Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) ("[C]onclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act") (internal quotation marks omitted) (second modification in original). Although plaintiff asserts extravagant allegations of a conspiracy by all defendants to deny him "his right to have his day in court" (ECF No. 1 at 10, ¶ 2.21 (emphasis omitted)), regardless of his characterization of his claims his factual assertions reduce to allegations of attorney malpractice.

As to Orcutt, plaintiff asserts in the complaint that Orcutt "was initially hired to bring this case to conclusion before a trial by jury of my peers. . ." that "Orcutt litigated (went through the motions of the past two attorneys), then asked for an additional $25,000.00 to continue . . . " that Orcutt participated in an ex parte proceeding with the judge and the Orcutt informed plaintiff "that even if you win you're not going to get any money." ECF No. 1 at 16 (emphasis omitted).

As to Taylor, the complaint simply alleges that she is an attorney in California and "was present for all acts and/or omissions committed by [d]efendants." *Id.* at 9, ¶ 2.16. The complaint contains little or no other information as to Taylor and plainly does state a claim as to her. However, it is apparent from records of the state court proceedings (which are before this court on the defendant's request for judicial notice) that Taylor's role was simply to represent Orcutt in plaintiff's legal malpractice lawsuit. ECF No. 17 at 4 - 95. Thus, it is clear that plaintiff cannot allege state action as to Taylor.

Because plaintiff cannot allege facts demonstrating that defendants Orcutt and Taylor are state actors for purposes of 42 U.S.C. § 1983, plaintiff's section 1983 claims against them pursuant to must be dismissed with prejudice. *See Simmons,* 318 F.3d at 1161.

/////

2. <u>42 U.S.C. § 1985</u>

Although not entirely clear, it appears that plaintiff attempts to bring his conspiracy claim under 42 U.S.C. § 1985(3). ECF No. 1 at 1. Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3); *see also* § 1985(1) (creating a civil action for preventing an officer from performing his or her duties); § 1985(2) (creating a civil action for obstructing justice or intimidating a party, witness, or juror).[8] The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir.1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir.1985). Plaintiff's complaint contains no such factual allegations.

Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).

Here, plaintiff has not alleged that any of the defendants' conduct was fueled by racial animus. There is only one allegation in the complaint regarding plaintiff's race. In relation to plaintiff's cause of action for conspiracy, plaintiff states, "As your Plaintiff Dinh Nguy is a

---

[8] The complaint does not contain any allegations that defendants prevented Judge Maguire from performing his duties. Nor are there any allegations that defendants intimidated a party, witness, or juror. While there are conclusory allegations regarding obstruction of justice, as far as the court can discern, plaintiff appears to be alleging that there was a conspiracy between defendants. Regardless, plaintiff's conclusion that defendants obstructed justice, without any factual allegations, is insufficient to state a claim under 42 U.S.C. § 1985(2).

naturalized Vietnam Citizen, that he also claims DISCRIMINATION against all Defendants and their surrogate courts, under [the] Commerce Clause . . . ." ECF No. 1 ¶ 4.50. Plaintiff has not alleged facts showing that defendants' conduct was in any way related to his race. Rather, he simply characterizes his claim as one of discrimination based on the fact that he is a "naturalized Vietnam Citizen." Such conclusory allegations are insufficient to establish race-based discrimination.

Further, all of plaintiff's claims appear to be based on the same allegations. Specifically, that defendants conspired together to deprive plaintiff of his day in court. As plaintiff is unable to maintain a section 1983 claim, to the extent he alleges a conspiracy claim under section 1985, such claim must also be dismissed.

### 3. 42 U.S.C. § 1986

Plaintiff also references 42 U.S.C 1986 in his complaint regarding damages for a violation of his Civil Rights. ECF No. 1 at 6. Any claim brought pursuant to 42 U.S.C. § 1986 must also be dismissed. To maintain a claim under 42 U.S.C. § 1986, the plaintiff must establish that there was a violation of section 1985, and that the defendant was in a position to stop the section 1985 violation. *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990); 42 U.S.C. § 1986. As discussed above, plaintiff cannot sufficiently allege a section 1985 claim and, therefore, his section 1986 claim must also be dismissed.

### 4. RICO

Plaintiff's complaint also references the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. ECF No. 1 at 37. To state a civil RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." *Chang v. Chen*, 80 F.3d 1293, 1300–01 (9th Cir.1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5)

(including, among many others, mail fraud, wire fraud, and financial institution fraud). Those so-called "predicate acts" under RICO, if based on a theory of fraudulent conduct, must be alleged with specificity in compliance with Rule 9(b). *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 2004); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988); *Pineda v. Saxon Mortgage Services*, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity).[9]

Plaintiff does not identify any predicate act to support his RICO claim. While the complaint does purport to allege a claim for fraud, there is no indication that this claim is related to plaintiff's RICO claim. Furthermore, plaintiff does not allege any factual allegations in support of his conclusory claim of fraud. Simply put, plaintiff's RICO claim rests solely on his conclusory allegations that defendants colluded and conspired against him. ECF No. 1 at 37. Underlying that general allegation are the few specifics provided in the complaint which show plaintiff is unhappy with how the state court litigation was handled. Such allegations are insufficient to establish a pattern of racketeering activity. Accordingly, this claim must be dismissed. Further, although the dismissal of a pro se pleading for failure to state a claim would ordinarily be with leave to amend, the documents from the state court proceedings demonstrate that any such amendment would be futile. As discussed previously, those documents demonstrated that Orcutt merely represented plaintiff in an underlying state court lawsuit but was

---

[9] In conjunction with his RICO claim, plaintiff also references the Hobbs Act, 18 U.S.C. § 1951. ECF No. 1 at 37. The Hobbs Act, however, does not provide a private right of action. *See Stanard v. Nygren,* 658 F.3d 792, 794 (7th Cir. 2011) (noting that the Hobbs Act does not provide a private right of action); *WSB Elec. Co., Inc. v. Rank & File Comm. to Stop the 2–Gate Sys.*, 103 F.R.D. 417, 419 (N.D. Cal. 1984). Accordingly, to the extent plaintiff intended to assert a claim under this act, it must be dismissed without leave to amend.

later sued by plaintiff in state court over disputes concerning plaintiff's dissatisfaction with that representation. Taylor simply represented Orcutt in the latter malpractice case. Although plaintiff wants to federalize those claims with conclusory allegations, the documentation from the state court proceedings demonstrate that he cannot plead sufficient facts to state a claims under the various federal statutes that he cites.

### 5. Declaratory Relief

Plaintiff's compliant also references the Declaratory Judgment Act. ECF No. 1 at 1. Declaratory relief is a remedy, not an independent cause of action. *See, e.g., Morongo Band of Mission Indians v. California State Board of Equalization*, 849 F.2d 1197, 1201 (9th Cir. 1988) ("The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an independent basis for jurisdiction."). To the extent plaintiff's citation to the Declaratory Judgment Act was intended to be an independent cause of action, it is duplicative of any relief that may be obtained from plaintiff's other causes of actions and therefore should be dismissed without leave to amend.

### B. State Law Claims

The complaint also purports to assert various state law claims. As far as the court can discern, it appears that plaintiff asserts a procedural due process claim under Article 1, Section 1 of the California Constitution based on "Arranging a Fixed Unjust Contest in Court," "Failure to Give plaintiff Lawful Redress of Grievance," fraud, "Denial of Plaintiff's Lawful Access to the Court," and obstruction of justice. *See* Counts 1-5. Plaintiff also appears to allege claims for negligence and conspiracy. *See* Counts 7-8.

Defendant Orcutt argues that since plaintiff has failed to allege a federal claim, the court should decline to exercise supplemental jurisdiction over his state law claims. ECF No. 7 at 24, ECF No. 17-1 at 24.[10] A court may exercise supplemental jurisdiction over state-law claims that are part of the "same case or controversy." 28 U.S.C. § 1367(a). Where the court maintains

---

[10] Defendant Taylor argues that plaintiff's state law claims should be dismissed since the alleged conduct is protected under California Code of Civil Procedure § 425.16 and California's litigation privilege. ECF No. 17-1 at 25-31.

federal jurisdiction over one claim, it maintains jurisdiction over other related state-law claims "and other parties—even parties not facing an allegation that they violated federal law." *Rhodes v. Placer County*, 2:09-cv-0489 MCE KJN PS, 2011 WL 1302240, at * 6 (E.D. Cal. Mar. 31, 2011).

As plaintiff has not alleged a federal claim for relief, the court may decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639–40, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Because all of plaintiff's federal claims must be dismissed, it is recommended that the court decline to exercise supplemental jurisdiction over his state law claims.

VII.    Order to Show Cause

Defendants County of Yolo, Yolo County Superior Court, Jeff Stone, Marvin Marx, and William Marder have not moved to dismiss the complaint or otherwise appeared in this action. However, it does not appear from the docket that these defendants have been timely and properly served. Therefore, plaintiff will be ordered to show cause why these defendants should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous orders. *See* ECF No. 3; Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(l)(1) (requiring that proof of service be made to the court); E.D. Cal. L.R. 210(b) (same); E.D. Cal. L.R. 110 ("Failure of

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that defendants County of Yolo, Yolo County Superior Court, Jeff Stone, Marvin Marx, and William Marder and/or this action be dismissed for lack of prosecution, for failure to follow this court's orders and Local Rules, and/or for failure to effect service of process within the time prescribed by Rule 4(m).

Plaintiff also failed to appear at the June 11, 2014 hearing. Local Rule 230(i) provides that "[a]bsent notice of intent to submit the matter on the briefs, failure to appear [at the hearing] may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions." Failure to comply with the court's Local Rules or the orders of this court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Therefore, plaintiff is also ordered to show cause why sanctions should not be imposed for his failure to appear at the June 11, 2014 hearing on defendants' motions to dismiss.

VIII. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that :

1. Plaintiff's motion for appointment of an interpreter, ECF No. 27, is denied as moot.

2. Plaintiff's motion to strike defendant Orcutt's objections to his motion for appointment of an interpreter, ECF No. 33, is denied as moot.

3. Plaintiff's motion to strike defendant Orcutt's motion to dismiss, ECF No. 20, is denied.

4. Plaintiff's motion to strike Judge Maguire's motion to dismiss, ECF No, 21, is denied.

/////

/////

5. Plaintiff shall show cause, in writing, within fourteen days from the date of this order, why defendants County of Yolo, Yolo County Superior Court, Jeff Stone, Marvin Marx, and William Marder should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's orders.

6. Plaintiff shall show cause, in writing, within fourteen days from the date of this order, why sanctions should not be imposed for his failure to appear at the June 11, 2014 hearing.

7. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

Further, it is RECOMMENDED that:

1. Defendant Maguire's motion to dismiss, ECF No. 5, be granted and that plaintiff's claims against Judge Maguire be dismissed without leave to amend; and

2. Defendants Orcutt and Taylor's motions to dismiss, ECF No. 6, 17, be granted and that plaintiff's claims against Orcutt and Taylor be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE