UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINH NGUY,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF YOLO; SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF YOLO; DANIEL P. McGUIRE; JEFF STONE; MARVIN C. MARX; JOHN C. ORCUTT; WENDY A TAYLOR; WILLIAM MARDER,<br><br>        Defendants. | No. 2:14-cv-229-MCE-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

On September 9, 2014, in resolving defendants Maguire, Orcutt, and Taylor's motions to dismiss, the court noted that the other defendants named in the complaint, County of Yolo, Yolo County Superior Court, Jeff Stone, Marvin Marx, and William Marder, have not appeared in this action and it appeared from the docket that these defendants had not been timely and properly served with process. Accordingly, plaintiff was directed to show cause, in writing, within fourteen days, why those defendants should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's orders. ECF No. 43 at 15; *see* ECF No. 3; Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4 (l)(1) (requiring that proof of service be made to the court);

1

E.D. Cal. L. R. 210(b) (same); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Plaintiff was also admonished that failure to comply with the order could result in a recommendation that these defendants and/or this action be dismissed for lack of prosecution, for failure to follow this court's orders and Local Rules, and/or failure to effect service of process within the time prescribed by Rule 4(m). ECF No. 43 at 16.

The 14-day period has expired and plaintiff has failed to show cause or otherwise respond to the court's order. Therefore, this action should be dismissed for failure to prosecute and to comply with court orders.[1] *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

Accordingly, it is hereby RECOMMEND that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiffs' failure to prosecute the action and to comply with court orders; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

---

[1] Plaintiff was also ordered to show cause why sanctions should not be imposed for his failure to appear at the June 11, 2014 hearing on defendants Maguire, Orcutt, and Taylor's motions to dismiss. ECF No. 43 at 16-17. In light of the recommendation that this action be dismissed for failure to prosecute, no sanctions will be imposed for plaintiff's failure to appear at the June 11, 2014 hearing.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2014.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE